Hitchcock. J.
The first question which presents itself to the
consideration of the court is, whether wo have jurisdiction or power to make the order sought for. While day after day we hear so much about the encroachments of another branch of government upon the rights of the people, and are so earnestly called upon to restrain by judicial action *the exercise of unconstitutional legislative power, it becomes us to remember that we too are bound by the same constitution which is intended to restrain improper legislativo action. The constitution was made not to 'act upon the legislative department alone, but upon every department of the government. And we must see to it, that while wo attempt to restrain the usurpation of others, we are not guilty of usurpation ourselves. While this court or its members will not shrink from the discharge of any duty enforced upon us, or tho necessary exercise of any power delegated to us, beyond that *90 power we can not go. Nor will we consent to exercise even doubtful power.
Section 1 of article 3 of tho constitution provides, that “ tho judicial power of this state, both as to matters of law and equity, shall be vested in the Supreme Court, in courts of common pleas for each county, in justices of the peace, and in such other courts, as the legislature may from time to time establish.”
In section 2 of the same article, it is prescribed that the Supreme Court, and courts of common pleas, “shall have original and ap-pellate jurisdiction in such cases as shall be directed by law.”
By section 4, criminal jurisdiction is conferred to be exorcised “ in such cases, and in such manner, as may be pointed out by law.”
By section 5, “jurisdiction of all probate and testamentary matters, granting administration and the appointment of guardians,” is vested in the court of common pleas. .
By section 6, it is provided that “the judges of the court of common pleas shall, within their respective counties, have the same power with the judges of the Supreme Court, to issue writs of certiorari to justices of the peace, and to oause their proceedings to bo brought before them,” etc.
By section 7, judges of the Supreme Court are made conservators of the peace throughout tho state—presidents of tho court of common pleas, in their respective circuits, and associate judges of the latter court, in their respective counties.
*By the ninth, the right to appoint its own clerk is secured to each court.
This is all that can be found in the constitution relative to the power or jurisdiction of tho Supremo Court, or court of common pleas. Everything, or almost everything upon this subject, is left to future legislation. The courts, it is true, are created by the constitution. They are by the same constitution made capable of receiving jurisdiction. But that jurisdiction and its extent, and the manner of exorcising it, must be prescribed by the law-making power.
The constitution requires that one term of the Supreme Court shall be held in each county every year; a court so held is the court of the county. Its jurisdiction is confined to the county. Tho name of the court, tho fact that it is the highest judicial tribunal in the state, can not be construed to extend or enlarge its *91 power. The judges of the Supreme Court, while sitting as a court in Franklin county, have no more right to exercise jurisdiction relative to other counties in the state, than has the court of common picas while sitting in the same county.
The general assembly have from time to time, pursuant to their constitutional power, passed laws regulating the powers, practice, and duties of the respective courts, and these laws have been changed as public policy seemed to require. By law, too, duties, to be performed by the individual members of the court, have been prescribed. It is unnecessary to go into an examination of these several statutes. By one, however, it may be proper to say, power is given to a judge of either court to allow an injunction to stay proceedings at law, either before or after judgment, the injunction to be continued until dissolved or made perpetual by the court, in which the bill praying such injunction is filed. I do not find, however, that any such power is delegated to enjoin the execution )f a decree in chancery. We know of no power, possessed by a judge in this state, by his order merely, to stay proceeding either <n law or chancery, unless upon bill regularly filed praying such order.
*If a party to a suit in chancery shall feel himself aggrieved by an original decree, he is not without remody. At any time within thirty days from the entry of any order or decree he may apply to two of the judges of the common picas, or either judgo of the Supreme Court who heard the case, by petition for rehearing, and if the rehearing is allowed, this of course suspends the execution of the decree. It is like a new trial at law, which suspends, or rather prevents a judgment.
If he can not obtain a rehearing, he may file his bill or petition for review. This he may do as a matter of course, if the errors complained of are errors in law, apparent upon the face of the proceedings. But if it bo for new matter discovered after the hearing on the former decree, “ it shall only, be filed with the leave of the court to which it is exhibited.”
Not with the leave of one of the judges nor of two of the judges of the court, but “with the leave of the court ” to which it is exhibited. And what court is this ? Unquestionably the court of the county where the original decree was entered, not the court of another county. The statute further provides, that “ in either' case, the court may, at their discretion, stay the proceedings on the *92 former decree, until the further order of the court, or until final decree is made on the petition for review.” Swan’s Stat. 714, 715. When is this discretion exercised? The statute proceeds, “provided the motion to stay proceedings be made at the time at which the petition for review is exhibited, and with leave filed; or if filed in vacation, then at the next succeeding term.” At the term, then, at which the petition is exhibited, if filed with leave; or if filed in vacation, then at the next succeeding term, the motion must be made. And if not then made, it -can not be sustained afterward. Perhaps it may be thought that at any subsequent period the court might make such an order by its inherent power. But this inherent power is a thing I do not well understand. It may comprehend much, it may comprehend but little. I am satisfied *with the powers expressly delegated, and unwilling to assume any by implication.
By the motion before the court, it would seem that since the last term of the Supreme Court in Lucas county, the petition for review, alluded to, has been filed. At the next term in that county, then, according to the statute, the plaintiffs may move the court to suspend the execution of the decree claimed to be erroneous. But it is said that that will be too late—that before that time irreparable mischief will be done. And on this ground application is made to this court to interfere and grant temporary relief. Can we do it ?
As a matter of fact, the Supremo Court in bank is more limited, if possible, in its jurisdiction, than is the Supreme Court of a county, or the court of common picas. It is hardly a court of record. Eor years after its organization it had no clerk. That is, the law gave it no clerk. The clerk of the Supreme Court of Franklin county, as clerk of that court, discharged the duties of clerk. But as the law now exists we are accommodated with this necessary officer. But now as to the matter of jurisdiction.
By section 1 of the act of March 10, 1831, entitled “an ac.t to establish a court in bank,” it is the “duty of all the judges of the Supreme Court to meet annually in the town of Columbus, to hold a court in bank, for the final adjudication of all such questions of law as may have been reserved, in any county, for decision at the said term as hereinafter provided.” Swan’s Stat. 219.
Section 4 of the act points out or specifies what cases may be reserved, and includes as well cases in chancery as at law; and *93 section 8 provides that the decision, when made, shall be transmitted to the clerk of the Supreme Court where such cases were reserved, “ and such proceedings shall thereupon be had, as if such decision had been made in Said county.”
' Such was the jurisdiction of the court by the law of 1831. It was confined to such cases as bad been reserved by the ^judges themselves on the circuit, and the judgment or decree was tho same as if it had been rendered in the county in which the case had been reserved.
It must be remembered that this was not the first law requiring a special session of the court at Columbus. This act conferred greater power upon the court than it possessed by the former law.
It authorized it to appoint a clerk and crier, if such officers should be deemed necessary. And further than this, it gave the court authority to establish rules of practice.
Now it will be seen that the present motion is not within the jurisdiction of the court, as prescribed by the act of 1831. It is an original motion, not a motion reserved from Lucas county. This act gave no original jurisdiction.
But additional power has been conferred from time to time upon this court. By one law any two judges may allow a writ of error to the Supremo Court of a county, returnable in bank; thereby, by a species of appeal, removing a ease from the court in a county to the court in bank. By another, writs of error, allowed by one or by two judges, in certain classes of criminal cases, may be made returnable to the court in bank.
Beyond cases reserved, and cases brought before us by writ of error, I am not aware that we have any jurisdiction.
>Sueh being the case, we feel that we have no authority to sustain the present motion.
It may bo that the present laws do not furnish sufficient safe- . guards against errors in judicial proceedings. If so, the proper authority can apply the remedy. But it is perhaps a matter worthy of consideration, whether the facility with which, under our present system, judicial proceedings may be, and frequently are delayed, is not fraught with more mischief than benefit. Injunctions are sometimes necessary and proper, but when granted for slight and insufficient causes, they have a direct tendency to pervert justice. The motion is overruled.